UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

STEVEN CHRISTOPHER HARVEY,

    Petitioner,

v.

    Civil No.: 4:12cv47
    Criminal No.: 4:10cr132

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter is before the Court on Steven Christopher Harvey's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 motion claims that defense counsel was ineffective at sentencing for failing to challenge the computation of Petitioner's "Offense Level" and "Criminal History Category" under the United States Sentencing Guidelines ("the Guidelines"). After reviewing the briefs and case file, the Court finds that an evidentiary hearing is unnecessary because the record conclusively demonstrates that Petitioner is not entitled to relief. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(a). For the reasons discussed below, Petitioner's § 2255 motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2011, pursuant to a written plea agreement, Petitioner pled guilty to Count One and Count Fifteen of the Indictment in this case. Count One charged Petitioner with Conspiracy to Distribute One Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). The statutory punishment for Count One was imprisonment for not less than ten (10) years and not more than life. Count Fifteen charged Petitioner with Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c). The statutory punishment for Count Fifteen was a consecutive term of imprisonment of not less than five years and not more than life.

On May 6, 2011, Petitioner appeared before the Court, with counsel, for sentencing. The Presentence Investigation Report ("PSR") initially indicated that Petitioner's "Base Offense Level" was Level 36 based on the attribution of over ten kilograms of cocaine and approximately one kilogram of marijuana. PSR Worksheet A, ECF No. 140; U.S.S.G. § 2D1.1(c)(2). However, Petitioner successfully objected to the drug weight attributed to him in the PSR, and the Court reduced Petitioner's Base Offense Level from a Level 36 to a Level 34. Petitioner's Base Offense Level was then increased by 4 levels to a Level 38 because Petitioner acted as an organizer or leader of the offense. PSR Worksheet A, ECF No. 140; U.S.S.G.

2

§ 3B1.1(a). Petitioner then received a 3-level credit for acceptance of responsibility, resulting in an "Offense Level Total," of Level 35. PSR Worksheet D, ECF No. 140; U.S.S.G. § 3E1.1.

The PSR determined Petitioner's Criminal History Category to be "Category IV" based on a total of eight (8) Criminal History points. Petitioner was assigned one point for an assault and battery conviction in 1998, one point for a possession of marijuana conviction in 1999, one point for a criminal contempt conviction in 2000, one point for a possession of cocaine conviction in 2001, and two points for a possession of marijuana conviction in 2006. In addition, Petitioner was assigned two points for having committed the instant offense while under a criminal justice sentence. At sentencing, Petitioner did not challenge the Criminal History calculation as set forth in the PSR, and the PSR calculation was adopted by the Court.

Based on an Offense Level Total of 35 and a Criminal History Category of IV, Petitioner's Guideline range for Count One was 235-293 months. The Court sentenced Petitioner to 235 months on Count One (the low-end of the Guideline range). As required by statute, the Court imposed a consecutive sentence of 60 months on Count Fifteen, resulting in a total sentence of 295 months. Petitioner did not appeal his conviction or sentence.

Petitioner timely filed the instant § 2255 motion within one year of his conviction and sentence becoming final. The government filed a brief in opposition to such motion, and Petitioner filed a reply brief. This matter is therefore ripe for review.

## II. STANDARD OF REVIEW

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." Id. A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion." Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. See In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000) ("'[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" (quoting Davis v. United States, 417 U.S. 333, 343 (1974))). The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). On the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1981). Accordingly, a § 2255 collateral challenge "may not do service for an appeal." Id. at 165.

A freestanding claim of ineffective assistance of counsel is properly asserted for the first time in a § 2255 motion. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'" (quoting United States v.

5

Williams, 977 F.2d 866, 871 (4th Cir. 1992))). Such rule exists because the Federal Rules Governing § 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal and often necessary to properly resolve an ineffective assistance claim. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010); see United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007) (indicating that ineffective assistance of counsel claims "are normally raised before the district court via 28 U.S.C. § 2255").

The Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has interpreted the right to counsel as providing a defendant "'the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)) (emphasis added). To obtain relief based on an allegation of ineffective assistance a petitioner must establish both that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's inadequate performance caused the petitioner prejudice. Id. at 687-88. "[U]nsubstantiated and largely conclusory statements" are insufficient to carry a petitioner's burden as to the two prongs

of the Strickland test. United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005).

When evaluating counsel's performance under the first prong of Strickland, courts "must be highly deferential." Strickland, 466 U.S. at 689; see Kimmelman v. Morrison, 477 U.S. 365, 381-82 (1986) (discussing the "highly demanding" Strickland standard). To establish constitutionally deficient performance, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978); see Strickland, 466 U.S. at 687. As it is all too easy to challenge an act, omission, or strategy, once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Courts should therefore "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

In conducting a hindsight evaluation of counsel's performance, a district court must recognize that there "are countless ways to provide effective assistance in any given case" and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." Id. If defense counsel has made an adequate investigation into the facts and potential lines of defenses, "the strategic choices made as a result will seldom if ever be found wanting." Id. at 681 (internal quotation marks omitted). Accordingly, the difficulty in overcoming the general presumption that defense counsel provided effective assistance is even greater where counsel's actions required a strategic "assessment and balancing of perceived benefits against perceived risks"—such strategic decisions must be afforded "'enormous deference.'" United States v. Terry, 366 F.3d 312, 317 (4th Cir. 2004) (quoting United States v. Kozinski, 16 F.3d 795, 813 (7th Cir. 1994)).

The second prong of Strickland requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Court applies a slightly modified prejudice standard when a petitioner alleges

ineffective assistance associated with the entry of a guilty plea, requiring the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). If the Petitioner fails to prove either of the two prongs of the Strickland test, the Court need not evaluate the other prong of the test. United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

### III. DISCUSSION

Petitioner's § 2255 motion advances two primary claims, both of which allege that defense counsel provided ineffective assistance at sentencing. For the reasons discussed below, Petitioner's claims fail on the merits.

#### A. Challenge to the Offense Level Calculation

Petitioner first claims that defense counsel provided ineffective assistance by failing to object to the calculation of Petitioner's "Offense Level Total" under the Guidelines.[1] Petitioner acknowledges that, after his drug weight objection was sustained by the Court, his Base Offense Level was *properly calculated* as Level 34. Petitioner argues in his § 2255 motion

---

[1] Although Petitioner's filings reference his "Base Offense Level," the determination that is actually in dispute in this case is the "Offense Level Total" from Worksheet D of the PSR. The "Offense Level Total" reflects all adjustments to the Base Offense Level, which in this case include an enhancement based on Petitioner's role in the offense, and a credit based on Petitioner's acceptance of responsibility.

9

that, after applying a 3-level credit for Acceptance of Responsibility, his Offense Level Total should be a Level 31, as contrasted with the Level 35 applied by the Court.

Petitioner's argument on this issue, however, simply ignores the fact that, at sentencing, Petitioner received a 4-Level "Role in the Offense" enhancement based on his leadership role in the drug trafficking conspiracy. PSR Worksheet A, ECF No. 140; U.S.S.G. § 3B1.1(a). Notably, at the time of his guilty plea, Petitioner stipulated to this aggravating role in the offense in the signed "Statement of Facts" that was entered along with his plea agreement. Statement of Facts ¶ 3, ECF No. 113. Petitioner's § 2255 motion does not in any way dispute the accuracy of the facts supporting such enhancement nor does Petitioner offer a legal challenge to such enhancement. Instead, Petitioner's § 2255 motion simply ignores the properly applied leadership enhancement.

Based on the above, it is clear that Petitioner's Offense Level was properly calculated at sentencing, and Petitioner therefore fails to demonstrate that his lawyer made any errors associated with his Offense Level calculation, let alone "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Petitioner therefore fails to satisfy the first prong of Strickland.

Similarly, because Petitioner fails to demonstrate that his Offense Level Total was factually or legally incorrect, Petitioner fails to demonstrate that he suffered prejudice as a result of defense counsel's failure to advance additional objections to the Offense Level calculation. Petitioner, therefore, fails to satisfy the second prong of Strickland. Id. at 693-94. As Petitioner fails to satisfy either prong of the test set forth in Strickland, his first ground for relief is denied.

**B. Challenges to the Criminal History Calculation**

Petitioner's second claim contends that defense counsel was ineffective for failing to advance two discrete objections to Defendant's Criminal History calculation under the Guidelines. As discussed below, neither argument entitles Petitioner to relief.

**1. Objection pursuant to U.S.S.G. § 4A1.1(d)**

Petitioner first argues that defense counsel was ineffective because he failed to object to the assignment of two Criminal History points based on the commission of the instant offense "while under any criminal justice sentence" from a prior offense. U.S.S.G. § 4A1.1(d). The Guidelines define a criminal justice sentence as including "probation, parole, supervised release, imprisonment, work release, or escape status." Id. Here, Petitioner was placed on two years of supervised probation

11

on June 21, 2001, following a conviction for possession of crack cocaine, PSR ¶ 147, and he was placed on good behavior for a term of two years after a separate conviction for possession of marijuana on April 10, 2006, PSR ¶ 148.

### a. Conspiracy began after June of 2003

In an effort to demonstrate that he did not commit the instant offense while "under a criminal justice," Petitioner's opening brief appears to imply that the instant offense did not begin until sometime after June of 2003, the month in which Petitioner's two-year term of probation ended for his 2001 crack cocaine conviction. Pet'r's § 2255 Mem. 4, ECF No. 169. Petitioner, however, offers no factual evidence in support of such a claim. Such implied assertion, devoid of any evidentiary support, is clearly insufficient to demonstrate ineffective assistance.

Furthermore, even if the Court assumes that the instant conspiracy did not begin until sometime after June of 2003, Petitioner's ineffective assistance claim would fail because Petitioner was again "under a criminal justice sentence" from April of 2006 until April of 2008, and Petitioner's involvement in the instant conspiracy during such period is alone sufficient to warrant the two points that Petitioner's filings seek to challenge. Notably, according to the "Statement of Facts" signed by Petitioner, a document setting forth the stipulated

facts in this case, drug transactions that were part of the instant conspiracy were occurring in 2006, 2007, and 2008. Statement of Facts ¶ 5, ECF No. 113. Accordingly, even if the instant conspiracy began after 2003, Petitioner fails to demonstrate that his trial counsel was ineffective for failing to challenge the Criminal History calculation as the two Criminal History points at issue are separately warranted based on Petitioner's involvement in the instant conspiracy in 2006 through 2008. Petitioner therefore fails to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

For the same reasons discussed above, Petitioner also fails to satisfy the second prong of Strickland. Even assuming that defense counsel challenged the Criminal History calculation in the manner suggested by Petitioner's opening § 2255 brief, Petitioner fails to demonstrate that such a challenge would have been successful. Accordingly, Petitioner has not "affirmatively prove[d] prejudice," as he has not demonstrated a reasonable probability that such a challenge to his Criminal History calculation would have resulted in a different Guideline range or a different outcome. Strickland, 466 U.S. at 693-94.

### b. Conspiracy began prior to June of 2001

Petitioner's reply brief asserts a version of events different from that implied by his opening brief, as he contends that the drug trafficking conspiracy for which he was convicted was <u>underway in June of 2001</u> and that defense counsel should have argued at sentencing that Petitioner's 2001 state court conviction was "part of the criminal scheme that encompassed" the conspiracy for which he was convicted. Pet'r's § 2255 Reply 3, ECF No. 176. Petitioner advances no evidence to support such newly advanced factual contention, and the Court therefore finds that Petitioner fails to demonstrate that counsel was ineffective for failing to argue that the conspiracy was underway in 2001.

Even if this Court assumes that the instant conspiracy began no later than July of 2000,[2] Petitioner fails to demonstrate that his 2001 conviction for <u>crack cocaine</u> was part of the instant drug trafficking conspiracy. Notably, the instant offense was charged as an offense involving a conspiracy to distribute heroin, and at sentencing, Petitioner was also attributed with marijuana. Petitioner was not, however,

---

[2] A review of the PSR reveals that Petitioner's June 2001 state court conviction was the result of illegal conduct occurring in July of 2000. PSR ¶ 147. Accordingly, even if Petitioner had advanced facts demonstrating that the instant conspiracy began prior to 2003, he would have to prove that it began as far back as July of 2000 in order to demonstrate that his prior crack cocaine conviction was part of the instant offense.

14

attributed with any cocaine or crack cocaine. Furthermore, as reported in the PSR, Petitioner's 2001 conviction was for possession only, not possession with the intent to distribute. On these facts, Petitioner fails to demonstrate that counsel's decision not to challenge the two point increase was deficient, let alone constitutionally deficient. See United States v. Davis, 460 F. App'x 232, 234-35 (4th Cir. 2011) (noting that there must be more than a mere temporal overlap to make a prior drug conviction part of a charged conspiracy and affirming the application of the same two point increase where the offense of conviction was a "cocaine-only" drug trafficking conspiracy and the prior conviction resulting in the criminal justice sentence was for "simple possession" of marijuana).

Separately, the Court finds that Petitioner's claim fails because, as discussed in the previous section, Petitioner's filings do not challenge his 2006 conviction for marijuana possession and the two-year good behavior term that resulted from such conviction. Defense counsel, therefore, had no reason to object to the two points with reference to the 2001 conviction because even if such objection would have been meritorious, the 2006 conviction was alone sufficient to trigger the two additional Criminal History points at issue herein.[3]

---

[3] Although Petitioner now argues that his 2001 conviction was part of the instant drug trafficking conspiracy, he does not appear to argue

15

In addition to Petitioner's failure to satisfy the first prong of Strickland, Petitioner fails to demonstrate resulting prejudice. As discussed above, Petitioner has failed to point to any evidence, or advance any legal argument, that demonstrates a reasonable probability that any type of challenge to the two Criminal History points at issue would have resulted in a different outcome.

In sum, Petitioner's attack on counsel's performance with respect to the two Criminal History points assessed based on Petitioner's prior criminal justice sentences fails, and the instant ground for relief is therefore denied. In hindsight, various arguments could have been advanced at sentencing, but even in hindsight, Petitioner has not demonstrated that failure to advance such arguments was constitutionally deficient, nor has he demonstrated a reasonable probability of a different outcome had such arguments been made at sentencing.

---

that his 2006 conviction was part of the instant offense. Furthermore, even if Petitioner had advanced the unsubstantiated assertion in his initial memo or reply brief that his 2006 conviction was part of the instant offense, without additional evidence, the Court would find such conclusory assertion to be insufficient to satisfy the "highly demanding" Strickland standard, Kimmelman, 477 U.S. at 382, because the PSR indicates that Petitioner was charged and convicted in 2006 with possession of marijuana, not possession of marijuana with the intent to distribute. See Davis, 460 F. App'x at 234-35 ("The fact that another [drug] offense occurs during the [drug] conspiracy timeframe, however, does not convert it into relevant conduct automatically. . . . [A]s the district court observed, the fact that the prior conviction was for 'simple possession' suggested [that the defendant] was holding a small amount for personal use" as contrasted with possessing large quantities of narcotics with the intent to distribute).

## 2. Objections to Criminal History Points Under U.S.S.G. § 4A1.1(c)

Petitioner's second argument with respect to his Criminal History calculation is that defense counsel should have objected to the assignment of a Criminal History point for a possession of marijuana adjudication that occurred in 1999. The PSR indicates that on August 26, 1999, the state court in which Petitioner was charged "withheld finding" on a marijuana possession charge, conditioned upon Petitioner's good behavior. PSR ¶ 143. Such criminal charge was ultimately "dismissed" approximately one year later. Id. Under the Guidelines, "[d]iversion from the judicial process without a finding of guilty (e.g., deferred prosecution) is not counted." U.S.S.G. § 4A1.2(f). However, "[a] diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, is counted . . . even if a conviction is not formally entered." Id.

Here, Petitioner appears to argue that, because the marijuana charge adjudicated in 1999 was ultimately dismissed, there was not a finding or admission of guilt, and that his lawyer in this Court should therefore have challenged the one point attributed for such offense. Although the PSR does not expressly state that a finding or admission of guilt was made in 1999, it also does not state that a finding or admission

17

of guilt was not made, nor does it expressly reference a "diversionary" disposition. As Petitioner fails to advance facts at this time demonstrating that a finding or admission of guilt was not made in 1999, he fails to demonstrate that his counsel erred, or that any such error, even if assumed, amounted to an error of constitutional dimensions. See Springer, 586 F.2d at 332 (recognizing that constitutionally effective representation "is not synonymous with errorless representation"). Petitioner's claim therefore fails to satisfy the first prong of Strickland.

In addition to failing to overcome the presumption that counsel provided constitutionally effective representation, Petitioner fails to demonstrate resulting prejudice. First, as suggested from the discussion above, Petitioner fails to advance facts that would undermine this Court's confidence in the outcome because he fails to demonstrate that the 1999 "withheld finding" on the marijuana offense did not involve "an admission of guilt, or a plea of nolo contendere." U.S.S.G. § 4A1.2(f).

Second, even if the Court assumes that there was no finding or admission of guilt in 1999 and assumes that a timely challenge to the Criminal History point attributed for such charge would have been successful, the Court would still find that Petitioner fails to demonstrate actual prejudice. Tellingly, even without such Criminal History point, Petitioner

would still qualify as a Criminal History Category IV.[4] See United States v. Craig, 194 F. App'x 171, 173 (4th Cir. 2006) ("Even assuming, arguendo, that [the assessment of two Criminal History points] was in error, it had no effect on [the defendant's] sentencing, as he still would have qualified for a Criminal History Category of VI, even without the disputed two points."). Petitioner is therefore unable to demonstrate that a successful challenge to such point would have had any impact on sentencing, and he therefore fails to show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94.

As discussed in detail above, Petitioner's second ground for relief, which offers several different challenges to his Criminal History calculation, fails to satisfy either of the prongs set forth in Strickland. Such ground for relief is therefore denied in its entirety.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's § 2255 motion is **DENIED** as Petitioner fails to demonstrate either that defense counsel provided constitutionally deficient representation or that Petitioner was prejudiced by counsel's performance.

---

[4] Pursuant to the Guidelines, a defendant qualifies as a Criminal History Category IV if he has a total of seven, eight, or nine Criminal History points. U.S.S.G. § 5A. Here, Petitioner was attributed with eight points at sentencing; thus, eliminating one point from his Criminal History calculation would have no effect on his Criminal History Category.

Finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability as to Petitioner's § 2255 motion also is **DENIED**. R. Governing § 2255 Proceedings in U.S. Dist. Cts. 11(a); 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must forward a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510, within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner and to the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 4, 2013